Coastal Stevedoring Corporation v. Commissioner.
Coastal Stevedoring Corp. v. Commissioner
Docket No. 638.
United States Tax Court
1944 Tax Ct. Memo LEXIS 256; 3 T.C.M. (CCH) 453; T.C.M. (RIA) 44158; May 12, 1944
*256 C. F. Rothenburg, Esq., 1000 Shoreham Bldg., Washington, D.C., and Walter A. Edwards, Jr., C.P.A., for the petitioner. Philip A. Bayer, Esq., for the respondent. STERNHAGEN Findings of Fact and Memorandum Opinion The Commissioner determined an aggregate deficiency for the fiscal year ended June 30, 1941, of $17,174.85 in income tax, declared value excess profits tax and excess profits tax, as the consequence of disallowing the deduction of $30,000 of $70,000 salaries paid to officers on the ground that it represented excessive compensation for the services rendered. Another issue is settled by the Commissioner's concession that the taxpayer is entitled to an excess profits credit based on income of $3,435.73. Findings of Fact The taxpayer is a Virginia corporation, and filed its returns in Richmond. All its outstanding 10 shares were owned equally by Charles M. Cacase, president, and Daniel H. Barber, treasurer. It was engaged in the loading and unloading of ships at Norfolk and Hopewell, Virginia, and at New York. From its fiscal year 1935 through its fiscal year 1941, its gross receipts rose from $55,902.67 to $305,861.60 and its net income from $2,126.56 to $28,010.30. Cacase *257 and Barber were both active in the corporation, and it always paid them equal salaries which rose for 1935 to 1941 from $5,500.04 to $35,000 for each. In March, 1940, and through the taxable year 1941, the corporation was employed by the Solvay Process Company to unload cargoes of soda ash in bulk and load sodium nitrate. This was a new type of employment and the cargoes were difficult and dangerous to handle. Cacase and Barber personally took charge of all the work. The salaries of $35,000 each to them was no more than reasonable compensation for the services which they actually rendered for the corporation. In the years from 1935 through the taxable year no dividends were paid. However, the salaries paid were not distributions of dividends or in lieu of dividends. Memorandum Opinion STERNHAGEN, Judge: Upon the only question submitted for decision we have heard and considered the evidence and have reached the conclusion of fact set forth in the findings, that the amount of $35,000 paid to each of the two officers was not in excess of a reasonable allowance for the services which they actually performed in the taxable year for the corporation. The Commissioner's reduction of the *258 amounts to $20,000 each is not explained in the deficiency notice except that the amount disallowed is "excessive compensation for the services rendered by the officers." To meet this determination the taxpayer offered evidence showing the nature of the services and showing that such services could not have been procured for less. The Commissioner produced no countervailing evidence and relies largely upon the fact that the amounts are greatly in excess of those paid to the same officers in preceding years, and that the officers were the owners of the entire outstanding shares and no dividends had been paid. These facts have not been ignored. The actual services performed in the taxable year were, because of the new employment by the Solvay Prrcess Company, sufficient to justify the increase to the officers. The earnings of the corporation were greatly in excess of the earnings of earlier years and enough was retained after expenses, including these salaries, to permit a dividend, which was paid in the next year, and leave an increase in earned surplus of over $7,000. These facts do not, therefore, detract from the inference from the evidence that the salaries are no more than reasonable. *259 On this issue the determination is reversed. In view of the agreed change in the excess profits credit, Decision will be entered under Rule 50.